UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| PHARAOH SKYLAR, *on behalf of himself and all others similarly situated,* | Civil Action No. 3:20-cv-408 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **JURY TRIAL DEMAND** |
| PMAB, LLC, | |
| Defendant. | |

## NATURE OF ACTION

1. Plaintiff Pharaoh Skylar ("Plaintiff") brings this action against Defendant PMAB, LLC ("Defendant") pursuant the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION, STANDING, AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3).

3. "[A]llegations of nuisance and invasion of privacy in TCPA actions are sufficient to state a concrete injury under Article III." *Hewlett v. Consol. World Travel, Inc.*, 2016 WL 4466536, at *2 (E.D. Cal. Aug. 23, 2016) ("The purpose and history of the TCPA thus suggest that Congress sought to curb the 'aggravation, nuisance, and invasion of privacy' that plaintiff alleges here, which resulted from defendant's alleged use of an ATDS to call plaintiff despite plaintiff's repeated requests for those autodialed calls to stop.").

1

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff reside in this district, and where Defendant transacts business in this district.

## THE TELEPHONE CONSUMER PROTECTION ACT

5. Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012).

6. In enacting the TCPA, Congress found that "'unrestricted telemarketing . . . can be an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive nuisance calls to their homes.'" *Id.* (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

7. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

8. The TCPA gives a private right of action to individuals that allows for both injunctive relief as well as monetary damages. Damages are calculated by the greater of actual damages or $500 for each violation of the statute. 47 U.S.C. § 227(b)(3)(B).

9. Under the TCPA, subscribers of wireless service and customary users of a telephone number, who are called in violation of the TCPA, have standing to bring a TCPA suit. *See Lee v. Loandepot.com, LLC*, 14-CV-01084-EFM, 2016 WL 4382786, at *4 (D. Kan. Aug. 17, 2016); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (F.C.C. 2015) ("'called party' is best understood to mean the

subscriber to whom the dialed wireless number is assigned because the subscriber is 'charged for the call' and, along with a non-subscriber customary user, is the person whose privacy is interrupted by unwanted calls.").

10. "If the court finds that the Defendant willfully or knowingly violated this subsection" the court may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

## PARTIES

11. Plaintiff is a natural person who at all relevant times resided in the State of North Carolina, County of Mecklenburg, and City of Charlotte.

12. Defendant is a collections agency that, among other activities, places phone calls to individuals in effort to collect or service accounts.

## FACTUAL ALLEGATIONS

13. Plaintiff is subscribed to a cellular telephone service and has been assigned a wireless number (ending -9181) in connection with such subscription.

14. In 2019, Defendant began placing calls to Plaintiff's wireless number.

15. Defendant has since placed at least 100 calls to Plaintiff's wireless number.

16. On at least two occasions within the last year, Defendant left a voicemail message using an artificial or prerecorded voice.

17. Upon information and belief, the telephone calls identified above were placed to Plaintiff's wireless number using an artificial or prerecorded voice.

18. Upon information and belief, the telephone calls identified above were placed to Plaintiff's wireless number using an automatic telephone dialing system.

19. Defendant did not place any calls to Plaintiff's wireless number for emergency purposes.

20. Defendant did not have Plaintiff's prior express consent to make any calls to Plaintiff's wireless number.

21. Upon information and belief, Defendant voluntarily placed the calls identified above to Plaintiff's wireless number.

22. Upon information and belief, Defendant placed all calls to Plaintiff's wireless number under its own free will.

23. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system to place each of the calls identified above.

24. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the calls identified above.

25. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless number, which may reveal the existence of additional violations beyond those pleaded above.

## CLASS ALLEGATIONS

26. Plaintiff repeats and re-alleges all factual allegations above.

27. Upon information and belief, Defendant routinely dials the cellular telephone lines of individuals using an "automatic telephone dialing system and/or an artificial or prerecorded voice while attempting to collect alleged debts or service accounts, in the same manner as Defendant did with Plaintiff above.

28. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

4

> All persons throughout the United States (1) to whom PMAB, LLC placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a current or prior PMAB, LLC account holder, (3) using an automatic telephone dialing system, or an artificial or prerecorded voice, (4) from July 18, 2016 through the date of class certification.

29. The proposed class specifically excludes the United States of America, the State of North Carolina, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Fourth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

30. The class is so numerous that joinder of members is impracticable.

31. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

32. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

33. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the TCPA; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

34. The claims of Plaintiff are typical of the claims of the class he seeks to represent.

35. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

36. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

37. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

38. Plaintiff is willing and prepared to serve this Court and the proposed class.

39. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

40. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

41. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

42. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

43. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

44. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

45. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

46. Plaintiff repeats and re-alleges each factual allegation contained above.

47. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system

48. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff's cellular telephone number using an artificial or pre-recorded voice.

49. Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were willful and/or knowing, since Defendant was aware that Plaintiff did not consent to receiving the calls.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) with respect to Plaintiff and the class he seeks to represent;

c) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

d) Awarding Plaintiff and the class he seeks to represent statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff and the class he seeks to represent treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff and the class he seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to Rule 23;

g) Awarding Plaintiff and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

50. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 22, 2020.

                              Respectfully submitted,

                              /s/ Chris Brown
                              Chris Brown (N.C. Bar No. 33365)
                              Thompson Consumer Law Group, PC
                              121 Kendlewick Dr.
                              Cary, NC 27511
                              Telephone: (888) 332-7252
                              Facsimile: (866) 317-2674
                              cbrown@ThompsonConsumerLaw.com

                              Attorneys for Plaintiff